IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,  )  | | |
|     Plaintiff, )  | Criminal Action No. 5:20cr00032-2 | |
| )  | | |
| v. )  | | |
| )  | By: Elizabeth K. Dillon | |
| EDI MALDONADO ZAPET, )  |     United States District Judge | |
|     Defendant. )  | | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on defendant Edi Maldonado Zapet's *pro se* motion titled as a "Motion to Compel the United States Government to File Motion for Reduction of Sentence Pursuant to [Federal Rule of Criminal Procedure] 35(B)." (Dkt. No. 124.) Upon review of the motion, the court concludes that it should be construed as a motion pursuant to 28 U.S.C. § 2255. Thus, as discussed below, the court will advise Zapet of the consequences of the court construing it as a § 2255 motion and give him an opportunity to either withdraw his motion or to allow the recharacterization and amend it to include any additional challenges or claims.

Zapet's motion primarily seeks to compel the United States Attorney to file a motion for sentence reduction under Rule 35. It also contains allegations of ineffective assistance of his trial counsel. (*See generally* Dkt. No. 124.) The court concludes that the proper procedural vehicle for his claims is a § 2255 motion. *See United States v. Pierce*, 120 F.3d 263, 1997 WL 471057, at *2 (4th Cir. Aug. 19, 1997) (holding that a motion seeking to enforce an alleged oral agreement for the government to file a Rule 35(b) motion "should have been construed as a § 2255 motion by the district court"); *United States v. Mosley*, No. 3:11-cr-00336-MOC, 2014 WL 12694204, at *1 (W.D.N.C. Mar. 4, 2014) (noting that a complaint about the government's failure to file a Rule 35(b) motion should be brought in a § 2255 motion); *United States v.*

*Mitchell*, No. 1:03CR00078, 2008 WL 3979492, at *3 (W.D. Va. Aug. 24, 2008) (construing motion raising same claim as a § 2255 motion).  *But cf. United States v. Dais*, 308 F. App'x 677, 677–78 (4th Cir. 2009) (*per curiam*) (analyzing same argument without addressing § 2255 or *Pierce*).

Before the court can construe Zapet's motion as a § 2255 motion, however, it must advise him of the consequences and limitations of filing a § 2255 motion.  *Castro v. United States*, 540 U.S. 375, 377 (2003).  In particular, the recharacterization of Zapet's motion may result in his first and only chance to seek relief pursuant to 28 U.S.C. § 2255 from his criminal judgment, entered May 4, 2022.[1]  This is because of two factors: (1) the one-year limitations period for filing a § 2255 motion, which generally begins when a petitioner's conviction is final, *see* § 2255(f); and (2) the requirement that a petitioner apply for certification from a United States Court of Appeals to file a second or subsequent § 2255 motion about the same conviction and/or sentence after he files his first § 2255 motion.[2]

In light of these limitations, the court advises Zapet that he may want to include any other necessary claim upon which he believes his conviction and/or sentence is invalid or unconstitutional, if Zapet elects to have the court construe his motion as a § 2255 motion.  If Zapet has additional grounds and fails to amend to include them, those claims raised in a

---

[1] An amended judgment correcting was entered on June 21, 2022, but it simply corrected a clerical error.

[2] Specifically, the statute provides that a
  [a] second or successive motion must be certified as provided in [28 U.S.C. § ] 2244 by a panel of the appropriate court of appeals to contain—
  (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
  (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h)

subsequent § 2255 motion would be dismissed as successive unless Zapet first satisfied the requirements of § 2255(h) and received certification from the United States Court of Appeals for the Fourth Circuit to file a successive § 2255 motion.

## CONCLUSION AND ORDER

For the foregoing reasons, the court hereby ADVISES Zapet that it intends to construe his motion to compel (Dkt. No. 124) as a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. It is further ORDERED that not later than June 10, 2023, Zapet shall file a notice with the Court in which he either (a) agrees to the recharacterization of his motion as a § 2255 motion and returns a completed, signed § 2255 form; or (b) withdraws the motion, rather than have the court recharacterize it as a § 2255 motion.

If Zapet does not withdraw his motion, then the court will construe it as a § 2255 motion. If he agrees to the recharacterization, then he should file a notice stating his agreement and also must complete and return to the court a signed § 2255 form, which the court will treat as an amended § 2255 motion.[3] If Zapet wants to include any additional challenges to his conviction or sentence, he should include those challenges or claims in his amended § 2255 motion.

The Clerk is directed to send copies of this Memorandum Opinion and Order to Zapet, along with a copy of a blank 28 U.S.C. § 2255 form to be used for filing an amended § 2255 motion.

Entered: May 10, 2023.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge

---

[3] Neither Zapet's current motion to compel nor the attached affidavit are signed, and both must be signed in order to be considered by the court. Fed. R. Crim. P. 49(b)(4) (requiring *pro se* litigant to sign "every written motion and other paper" and directing the court to strike an unsigned paper unless the omission is "promptly corrected"); *see also* Fed. R. Civ. P. 11(a) (same requirement in civil cases).