CLERKS OFFICE US DISTRICT COURT
AT HARRISONBURG, VA
FILED

04/16/2026

LAURA A. AUSTIN, CLERK
BY: **/s/ Amy Fansler**
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 5:20-cr-00032-2 |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| EDI MALDONADO ZAPET, | ) | Chief United States District Judge |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER

Defendant Edi Maldonado Zapet pled guilty to two counts: (1) conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) (Count 1); and (2) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 3).  In June 2022, this court entered an amended judgment sentencing Zapet to a 120-month term of imprisonment as to Count 1, to be followed by a 60-month consecutive sentence on Count 3.  (Dkt. No. 121.)

Now pending before the court is the fourth pro se motion filed by Zapet in which he seeks relief under Amendment 821 of the United States Sentencing Guidelines (U.S.S.G.).  (Dkt. No. 209.)  In the same document, he also appears to assert a separate claim for relief under Amendment 828.  (Dkt. No. 209.)  The court addresses his Amendment 821 request first.

### I.  Request for Reduction in Sentence Based on Amendment 821

Zapet has requested relief under Amendment 821 three prior times, and the court has denied that relief each time.  (Dkt. Nos. 181, 203, 208.)  Most recently, in a February 24, 2026 order denying a motion Zapet titled as a motion for reconsideration, the court explained again why Amendment 821, although retroactive, does not entitle Zapet to a reduced sentence.  (Dkt. No. 208.)

Despite these repeated denials, Zapet again argues that he "qualifies within criterias [sic] of zero-point offenders" and consequently, the court has "full jurisdiction" to exercise "its discretion" and reduce his sentence.  (Mot. 2, Dkt. No. 209.)  For the same reasons the court previously explained, he is incorrect.  Specifically,

> Zapet does not qualify for the zero-point offender reduction.  As amended, the guideline at U.S.S.G. § 4C1.1 (adjustments for certain zero-point offenders) provides a decrease of two levels from the offense level determined under Chapters Two and Three for a defendant who did not receive any criminal history points under Chapter Four, Part A, and whose offense of conviction did not involve specified aggravating factors.  Viewed differently, to be eligible for the reduction, a defendant must have zero criminal history points *and* he must also meet all of the listed criteria in U.S.S.G. § 4C1.1(a).  One is that "the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon . . . in connection with the offense."  U.S.S.G. § 4C1.1(a)(7).  Zapet does not satisfy this requirement, however, because he possessed a firearm in connection with the offense; indeed, he pled guilty to a firearms offense.  Thus, he is not eligible for the two-point reduction for zero-point offenders.

(Order 2–3, Dkt. No. 208.)  The court will deny again Zapet's request for relief under Amendment 821.

## II.  Request for Relief Under Amendment 828[1]

In his latest filing, Zapet also raises a new claim for relief related to U.S.S.G. § 2K2.4.  His argument is not entirely clear, but he appears to contend that application of the 2026 version of U.S.S.G. § 2K2.4 renders him eligible for a sentence reduction and resentencing.  (Mot. 4.)  As best the court can tell, he is arguing that "the grouping" of his drug offense under § 846 and his § 924(c) conviction—which were not, in fact, grouped—is not proper under the current

---

[1] Zapet's request for a sentence reduction in response to an amendment to the guidelines is assessed under 18 U.S.C. § 3582(c)(2)—which is the statute he cites—rather than 18 U.S.C. § 3582(c)(1).  Subsection (c)(2) applies where, as here, a motion seeks a sentence reductions based on a guidelines sentencing range that allegedly has been lowered.  *See* 18 U.S.C.A. § 3582(c)(2).

version of § 2K2.4.  (*Id.*)  He adds that the new version "resolves the difference among circuits concerning whether subsection (c) of 3D1.2" permits grouping "of a firearms count under 18 U.S.C. § 922(g) with a drug trafficking count, where the defendant has a separate count under 18 U.S.C. § 924(c)."  (*Id.*)  Based on this change, he insists that the court has "full jurisdiction" to give him the "full benefit" of the current version of the Guidelines in all respects.  (*Id.*)

There have been five amendments affecting portions of U.S.S.G. § 2K2.4 since Zapet was sentenced:

- Amendment 824, effective November 1, 2023;
- Amendments 828 and 831, effective November 1, 2024; and
- Amendments 834 and 836, effective November 1, 2025.

Based on his references to "grouping" (Mot. at 4) and his inclusion of text directly from the explanatory portion of the amendment itself (*id.* at 5), Zapet appears to be relying only on Amendment 828, which amended Application Note 4 to U.S.S.G. § 2K2.4.[2]  Specifically, the amended note resolved a circuit conflict by explicitly instructing that "[i]f two or more counts would otherwise group under subsection (c) of § 3D1.2 (Groups of Closely Related Counts), the counts are to be grouped together under § 3D1.2(c) despite the non-applicability of certain enhancements under Application Note 4(A)."  U.S.S.G. § 2K2.4, Appl. Note 4(B).  The change to the Application Note clarifies that a felon in possession count under 18 U.S.C. § 922(g) can be grouped with a drug trafficking count, when the defendant also has a separate conviction for

---

[2] None of the other amendments involved any issue related to grouping, nor did they include any of the language Zapet includes in his motion.  For example, Amendment 834 revised § 2K2.1 "to more fully account for machinegun conversion devices."  U.S.S.G., App. C, Amdt. 834.  The only change to § 2K2.4 was to Application Note 4(A), where two references to § 2K2.1(b)(6)(B) were replaced by § 2K2.1(b)(7)(B).  *Id.*  This Amendment does not affect Zapet's case.

Similarly, Amendment 836 was a broadly sweeping amendment that was meant to "simplify the guidelines and to reduce tension between 18 U.S.C. § 3553(a) and the *Guidelines Manual*."  U.S.S.G., App. C, Amdt. 836. Among other structural and more minor changes, it removed one of the steps in the prior three-step sentencing process, "delet[ing] most departures previously provided throughout the *Guidelines Manual*."  *Id.*  There were several changes to § 2K2.4 to account for these structural changes, but none involved the "grouping" of counts as referenced in Zapet's motion.  Thus, the court construes his motion as being based only on Amendment 828.

using a firearm during a drug trafficking offense under 18 U.S.C. § 924(c).  *See* U.S.S.G. App. C, Amdt. 828 (effective November 1, 2024).

This change to the Application Note does not affect Zapet's sentence, because he was not convicted of being a felon in possession under § 922(g), and the court did not apply the note at sentencing.  Instead, the court calculated his offense level on the drug offense based on the drug weight for which he was held accountable, and it properly found the guideline range for his § 924(c) offense by applying § 2K2.4(b).  (Presentence Investigation Report (PSR) ¶¶ 15–26, Dkt. No. 110; Sent. Tr. 5–6, Dkt. No. 206.)  Nothing about any changes to Application Note 4 of § 2K2.4 would affect Zapet's guideline range, even if calculated anew today, primarily because he was not convicted of being a felon in possession of a firearm and the § 924(c) conviction cannot be grouped under the guidelines.  *See United States v. Farmer*, No. 2:23-CR-01, 2025 WL 2842396, at *5–6 (W.D. Va. Oct. 7, 2025) (rejecting a § 3582(c)(2) motion based on Amendment 828 where the defendant was not convicted of a § 922(g) offense).

Moreover, even if Zapet's offenses were subject to grouping (or potential grouping), the changes to Application Note 4 to U.S.S.G. § 2K2.4 resulting from Amendment 828 do not apply *retroactively*.  The court can only reduce a sentence under § 3582(c)(2) if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.  A reduction is not consistent with the applicable policy statement, U.S.S.G. §1B1.10, unless the amendment making the change is listed at U.S.S.G. § 1B1.10(d).  *See* U.S.S.G. § 1B1.10(a).  Amendment 828 is not listed in § 1B1.10(d), and therefore the court could not apply it to Zapet's case

retroactively.[3]  There is thus no basis on which the court could reduce Zapet's sentence pursuant to 18 U.S.C. § 3582(c)(2), and this claim will be denied.

### III.  Conclusion and Order

For the foregoing reasons, Zapet's latest motion for a reduced sentence (Dkt. No. 209) is DENIED.  Zapet is advised that if he believes the court has erred in concluding that he is not entitled to relief under Amendment 821 or under any amendments to U.S.S.G. § 2K2.4, his remedy is to appeal to the United States Court of Appeals for the Fourth Circuit.  He should not file repeated motions seeking the same relief.  **If he files another motion for relief under Amendment 821, however titled, the court may strike it and decline to address it altogether.**

The Clerk is DIRECTED to provide a copy of this Memorandum Opinion and Order directly to Zapet and to all counsel of record.

Entered: April 16, 2026.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
Chief United States District Judge

---

[3]  Even if Zapet were relying on any of the other recent amendments to § 2K2.4, the result is the same. None of them (Amendments 824, 831, 834, and 836) is listed as a retroactive amendment, *see* U.S.S.G. 1B1.10(d), and thus none entitles Zapet to relief under § 3582(c)(2).